# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| JERRI L. RAEL,<br><br>         Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>         Defendant. | 2:17-cv-00947-GMN-VCF<br>**REPORT AND RECOMMENDATION**<br>MOTION FOR REVERSAL AND/OR REMAND (ECF NO. 15), CROSS MOTION TO AFFIRM (ECF NO. 20). |

This matter involves Plaintiff Jerri Rael's appeal from the Commissioner's final decision denying her social security benefits. Before the Court is Rael's Motion for Reversal or Remand (ECF No. 15) and the Commissioner of Social Security's Motion to Affirm (ECF No. 20). For the reasons stated below the Court recommends denying Rael's motion to reverse or remand and granting the Commissioner's motion to affirm.

## STANDARD OF REVIEW

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). 42 U.S.C. § 405(g) authorizes the district court to review final decisions made by the Commissioner of Social Security.

The district court will not disturb an Administrative Law Judge's ("ALJ") denial of benefits unless "it is not supported by substantial evidence or it is based on legal error." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation omitted). When reviewing an ALJ's decision, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."

42 U.S.C. § 405(g). Substantial evidence means, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and is defined as "more than a mere scintilla but less than a preponderance" of evidence. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (internal quotation omitted).

If the evidence could give rise to multiple rational interpretations, the court must uphold the ALJ's conclusion. *Burch*, 400 F.3d at 679. This means that the Court will uphold the Commissioner's decision if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision "even if the evidence preponderates against" it).

## DISCUSSION

**I.    Factual Background**

The ALJ applied the five step sequential analysis pursuant to 20 C.F.R § 404.1520. The ALJ determined that Rael suffered from a severe combination of impairments including ulcerative colitis. (AR 24).[1] The ALJ examined relevant medical evidence including opinions and reports of a treating physician (Dr. Nyamuswa), opinions of examining physicians (Dr. Cabaluna, Dr. Shah, and Dr. Pena), opinions of consulting physicians (Dr. Villaflor and Dr. Arnow), and records of medical treatment and visits to physicians. (AR 24-32). The ALJ determined that Rael maintained the residual functional capacity to work at a sedentary exertion level despite these impairments. (AR 27-33). Since Rael was qualified to work at a sedentary exertion level, she was able to perform her past relevant work as a doctor's office receptionist. (AR 33). The ALJ thus denied her social security benefits. (AR 34).

Rael argues that the ALJ made three legal errors. (ECF No. 16). Rael first claims that the ALJ committed a legal error when he did not consider work limitations that may result from symptoms of her ulcerative colitis. (ECF No. 16 at 4-8). Rael argues that an impairment cannot be severe without limiting an individual's ability to work. (*Id.* at 5). Rael asserts that since the ALJ determined that her ulcerative

---

[1] AR signifies a citation to the administrative record.

colitis was a severe impairment, it was a legal error for the ALJ to not find any work limitations subject to that impairment. (*Id.* at 4-8.). Specifically, Rael asserts that the ALJ does not discuss work limitations resulting from diarrhea with fecal urgency. (*Id.*).

Rael argues that the ALJ committed a second legal error when he did not afford proper weight to her treating physician's (Gilbert Nyamuswa) opinion. (ECF No. 16 at 11-18). Dr. Nyamuswa submitted a form detailing his opinion on Rael's limitations. (AR 521-523). These limitations included needing unscheduled breaks every hour for twenty minutes, sitting/standing for "far less" than eight hours a day, and at least two absences a month from work. (*Id.*). Rael argues that this opinion "if properly credited…establishes that Plaintiff is 'disabled' as the Agency defines that term." (ECF No. 16 at 11). Rael asserts that since Dr. Nyamuswa was her treating physician, the ALJ should not have disregarded his opinion absent clear and convincing reasons. (*Id.* at 12-14).

Rael asserts that the ALJ made a third legal error when he did not consider her "exemplary work history" as a factor in determining her credibility. (*Id.* at 19-21). Rael argues that the ALJ was required to take into account her work history when assessing the credibility of her testimony on the severity of her symptoms. (*Id.*).

The Commissioner argues that the ALJ did not make any legal errors. (ECF No. 20). The Commissioner responds to Rael's first alleged error by arguing that the ALJ had no obligation to include limitations for Rael's diarrhea. (*Id.* at 3). The Commissioner asserts that the ALJ did not find Rael's ulcerative colitis alone to be a severe impairment, but rather found her combination of impairments to be severe. (*Id.*). The Commissioner further argues that even if the ALJ had determined the ulcerative colitis alone to be a severe impairment, he was still not obligated to find work limitations arising from said impairment. (*Id.* at 3-4).

The Commissioner rebuts Rael's second alleged error by arguing that other medical evidence in the record contradicted Dr. Nyamuswa's opinion. (*Id.* at 5-9). The Commissioner claims that since Dr. Nyamuswa's opinion was contradicted, the ALJ only needed to offer specific and legitimate reasons

supported by medical evidence for why it rejected the physician's opinion. (*Id.* at 5) The Commissioner further asserts that the ALJ fulfilled this responsibility. (*Id.* at 6).

The Commissioner responds to Rael's third alleged error by arguing that the ALJ properly evaluated Rael's credibility. (*Id.* at 10-14). The Commissioner argues that "the credibility evaluation is not a mechanical yes/no checklist," and that the ALJ has the discretion to cite to various factors. (*Id.* at 10). The Commissioner further asserts that the ALJ cited multiple valid factors when determining the credibility of Rael's testimony. (*Id.* at 10-14).

## II. The ALJ Did Not Need to Discuss a Limitation Regarding Rael's Ulcerative Colitis

An impairment or combination of impairments "is not severe if it does not significantly limit" an individual's physical or mental ability to perform basic work activities. 20 C.F.R § 416.922(a). When the ALJ is determining severity, he should examine the combination of impairments without consideration of "whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R § 416.923(c).

The ALJ was not under any affirmative duty to determine that Rael had work limitations specifically tied to her ulcerative colitis. Contrary to Rael's argument, the ALJ did not determine that her ulcerative colitis alone was a severe impairment. The ALJ specifically stated that none of her impairments, on their own, had a "corresponding functional limitation." (AR 24). The ALJ determined that Rael's *combination of impairments* was severe. (*Id.*). The ALJ fulfilled his affirmative duty when he considered limitations regarding her combination of impairments and established that she had the residual functional capacity to work at a sedentary exertion level.[2] (*Id.*). Rael's claim that the ALJ had an affirmative responsibility to determine a limitation specifically attached to her ulcerative colitis misconstrues the ALJ's findings. The Court finds that the ALJ did not commit a legal error regarding Rael's ulcerative colitis.

---

[2] Further, the ALJ explicitly considered Rael's assertion that she had regular diarrhea resulting in "accidents." The ALJ gave the assertion limited weight because he determined that there was not sufficient evidence to support it.

### III. The ALJ Gave Proper Weight to Dr. Nyamuswa's Opinion

An ALJ must give "clear and convincing" reasons for rejecting a treating doctor's uncontradicted opinion. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), *as amended* (Apr. 9, 1996). If the treating doctor's opinion is contradicted by an examining doctor, the ALJ can reject the treating doctor's opinion for specific and legitimate reasons supported by substantial evidence. *Id.* at 830-31. "Substantial evidence means more than a scintilla, but less than a preponderance." *Id.* at 831.

The ALJ noted that Dr. Nyamuswa was Rael's treating physician. (AR 30). In the present instance, however, the treating physician's opinion was contradicted by three examining physicians' opinions. (AR 30-32). Therefore, the ALJ only needs specific and legitimate reasons supported by substantial evidence to reject the treating physician's opinion. While the treating physician found that Rael's impairments imposed strict limitations on her ability to work, the examining physicians imposed significantly fewer work restrictions. (*Id.*). The ALJ noted that he gave more weight to the examining physicians because their opinions were more consistent with the medical record, including Dr. Nyamuswa's own notes regarding Rael. (*Id.*). The ALJ further stated that he found the examining physician's opinions to more accurately represent the limitations that Rael claimed she had during her testimony at the hearing. (*Id.*). The Court finds that the ALJ did not commit a legal error because he advanced specific and legitimate reasons that are supported by substantial evidence for rejecting the treating physician's opinion.

### IV. The ALJ's Failure to Explicitly Consider Rael's Work History was Harmless Error

Although the ALJ is responsible for determining credibility, all credibility findings must be supported by "specific, cogent reasons." *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006). The ALJ must consider an individual's prior work history when evaluating the individual's credibility about the intensity of symptoms. 20 C.F.R § 404.1529(c)(3); SSR 96-7p;[3] *Simmons v. Colvin*, No. ED CV 15-01865-SP, 2016 WL 6436829, at *8 (C.D Cal. Oct. 31, 2016). An error is harmless when said error is

---

[3] SSR 96-7 was superseded by SSR 16-3p effective March 28, 2016. However, given that the ALJ hearing took place on June 12, 2015, SSR 96-7 was still in effect at the time of the hearing. SSR 16-3p; (ECF No. 16 at 1).

"inconsequential to the ultimate nondisability determination." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (internal quotation omitted).

The ALJ does not specifically reference Rael's work record when discussing his determination of Rael's credibility. To the extent that the ALJ's failure to explicitly consider Rael's work record constitutes an error, the error is harmless. The ALJ expressed an understanding of this factor. During the hearing, the ALJ displayed familiarity with Rael's work history (from 1998-2009) as well as the onset date of her alleged disability (September of 2012). (AR 44-45). The ALJ also discussed Rael's work history when evaluating whether she had been gainfully employed (AR 34). The ALJ judge also advances multiple valid reasons for doubting the credibility of Rael's statements about the severity of her symptoms including: inconsistent statements, lack of objective medical evidence, contradictory medical opinions, and Rael's testimony of a lifestyle that was inconsistent with the severity of symptoms alleged. (AR 24-32). With the ALJ basing his conclusion as to Rael's credibility on so many valid factors, to the extent his failure to explicitly state his consideration of Rael's work record might be considered error, it was harmless.

ACCORDINGLY,

IT IS RECOMMENDED that Rael's Motion for Reversal and/or Remand (ECF No. 15) be DENIED.

IT IS FURTHER RECOMMENDED that the Commissioner's Cross-Motion to Affirm (ECF No. 20) be GRANTED.

DATED this 27th day of February, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE